## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 12-CR-2332-CVE** |
| | ) | |
| **DANNY BURNETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court are the Government's Motion in Limine (Dkt. # 52) and Defendant's

Motion in Limine to Prohibit the Government from Shifting the Burden of Proof (Dkt. # 53).  The

government has filed a motion raising 16 separate arguments for the exclusion of evidence at trial.

Defendant asks the Court to exclude certain circumstantial evidence tending to show that his wife,

Assistant United States Attorney Paula Burnett, knew of a wiretap application or delayed notice

search warrant before February 17, 2011, and he asks the Court to exclude the testimony of a

government computer expert, Special Agent Timothy Allen.[1]

---

[1]     Defendant asks the Court to generally exclude any evidence tending to "[1] [u]nconstitutionally shift the burden of proof to the Defendant; [2] [u]nconstitutionally abolish the presumption of innocence; [3] [u]nconstitutionally force the Defendant to prove a negative; or [4] [u]nconstitutionally pile inference upon inference. Dkt. # 53, at 1. The Court will consider defendant's specific requests to exclude evidence, but the Court cannot prevent the government from using unidentified evidence based only on a general argument that defendant's constitutional rights would be violated.  Defendant may make objections to the admission of evidence at trial, but the Court declines to preliminarily order the exclusion of any evidence that could potentially violate defendant's constitutional rights.

## I.

On September 20, 2012, a grand jury returned an indictment charging defendant with two counts of illegally giving notice of electronic surveillance to another person in violation of 18 U.S.C.§ 2232(d) (counts one and two), disclosure of wire communication in violation of 18 U.S.C. § 2511(1)(c) (count three), and making a false statement to a member of the executive branch of the United States Government in violation of 18 U.S.C. § 1001(a)(2) (count four).  Dkt. # 2.  The indictment alleges that the acts giving rise to counts one, two, and three occurred on or about February 17, 2011, but the indictment identifies other participants in the alleged offenses only as John Doe One and John Doe Two.  Dkt. # 2.  The government has filed a bill of particulars (Dkt. # 35) stating that John Doe One is Angelo Vega and John Doe Two is Blas Gutierrez.  The parties filed a joint motion to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the Court granted the joint motion.  This case is set for trial on September 23, 2013.[2]

## II.

The government has filed a motion in limine with 16 separate requests to exclude evidence at trial.  Defendant objects to 11 of the government's requests to exclude evidence.  The 16 categories are:

Defense Exhibits

The government asks the Court to exclude any exhibits that defendant failed to provide to the government as reciprocal discovery under Fed. R. Crim. P. 16.  Defendant does not object to this

---

[2]     The Court has provided a more thorough description of the facts giving rise to this case in its previous opinions and orders.  Dkt. ## 20, 28, 40, 59.

request and states that he will comply with Rule 16.  The government's request to exclude evidence is moot.

Testimony Only Through Defendant

The government seeks to exclude any reference to "information or facts which could only otherwise come to the jury's attention through the sworn testimony of the defendant, unless counsel for the Defense informs the Court that the defendant will in fact testify."  Dkt. # 52.  Defendant does not object to this request, and the Court finds that the government's request is moot.

Offers to Stipulate

The government requests that the defendant be prohibited from "[v]olunteering, offering, or in any manner agreeing to stipulate to certain facts being sponsored into evidence by the government" unless the parties have entered into an agreement and a stipulation has been approved by the Court.  Defendant agrees with this general proposition except to the extent that defendant may wish to offer evidence of a prior stipulation between the parties that "as of [the filing of the Joint Statement of Unresolved Discovery Issues], there is no evidence to indicate that the attachment to an e-mail Paula Burnett received concerning the Title III Application or Affidavit was opened by her."  Dkt. # 57, at 2-3.  Defendant further states that the Court's ruling on his motion to limine as it relates to exclusion of Allen's testimony may impact his decision to use the stipulation for some purpose at trial.  The Court finds that the parties' prior stipulation concerning the attachment to Paula Burnett's e-mail could be relevant, and  the government's motion in limine should be denied without prejudice to asserting an objection at trial.

<u>Punishment</u>

The parties agree that neither party will reference the potential punishment defendant could receive if he were convicted of any charge.  The Court will instruct the jury that the Court will determine defendant's punishment if he is convicted and that punishment should not be considered or discussed during the jury's deliberations, and this aspect of the government's motion in limine is moot.

<u>Plea Negotiations</u>

The parties agree that neither party will reference "the occurrence [or] substance of plea negotiations," and the government's request to exclude such evidence is moot.

<u>Jencks Act Rough Notes</u>

The government asks the Court to prohibit defendant from requesting production of a witness' rough notes in the presence of the jury.  Under 18 U.S.C. § 3500, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."  "The object of the Jencks Act was not only to protect Government files from unwarranted disclosure but also to allow defendants materials usable for the purposes of impeachment."  <u>United States v. Smaldone</u>, 544 F.2d 456, 461 (10th Cir. 1976).  An agent's notes constitute Jencks Act material in some circumstances if the notes contain a witness' statement and the notes are "substantially verbatim."  <u>United States v. Smith</u>, 984 F.2d 1084, 1086 (10th Cir. 1993).  The Court has reviewed the parties' briefing on this issue and it is unclear if any rough notes exist and, if they exist, whether such notes have already been produced to defendant.  The government has agreed to provide Jencks Act material to

defendant no later than September 9, 2013, and the Court will consider any specific arguments concerning the Jencks Act materials after defendant has reviewed the government's disclosures. However, the Court does agree with the government that any dispute about the production of Jencks Act material should be raised outside the presence of the jury.

Defendant's Health

The government argues that defendant's past or current physical health is irrelevant to any issue in this case. Defendant states that he generally agrees that his physical health is irrelevant but he asks the Court to deny the government's request to exclude evidence. He argues that he will not know if this evidence is relevant until the government puts on its case-in-chief at trial. The Court finds that the government's request to exclude evidence of defendant's health should be preliminarily granted, because defendant has not stated any basis for the possible relevance of this evidence at trial. However, this ruling is preliminary and defendant may raise this issue outside the presence of the jury if he believes that his physical health has become relevant.

Effects on Spouse

The government asks the Court to prevent defendant from attempting "to elicit testimony concerning the effect on defendant's spouse of the prosecution and/or a conviction of the defendant including any possible administrative consequences to that spouse's employment . . . ." Dkt. # 52, at 3. Defendant responds that Paula Burnett's alleged knowledge of the Title III wiretap affidavit and other aspects of the Villalobos investigation are relevant, and actions by the United States Attorney's Office that affected her employment are likely to be relevant at trial. The government's motion in limine provides no explanation as to what evidence it is likely to present in its case-in-chief, and defendant has shown that certain aspects of Paula Burnett's employment, including

administrative actions before and after this case was filed, may be relevant. The government's
motion in limine should be denied.

Defense Counsel's Prior Employment as
Assistant United States Attorney (AUSA)

The government asks the Court to prevent defendant from presenting evidence of defense
counsel Larry Gomez's prior employment as an Assistant United States Attorney and/or an Acting
United States Attorney. Defendant responds that he should be permitted to inform prospective jurors
during voir dire of Gomez's prior employment, because a prospective juror may not realize that he
or she had prior dealings with Gomez without this information. During voir dire, the Court will
inquire as to whether prospective jurors know any of the attorneys or parties, have had any business
dealings with any of them, and whether the jurors have been involved as a criminal matter as victim,
witness, or defendant, and this will be sufficient to alert prospective jurors that prior contact with
the criminal justice system should be disclosed during voir dire. Any mention of Gomez's prior
employment would be an improper attempt to bolster his credibility before the venire panel, and this
aspect of the government's motion in limine should be granted.

Character Evidence as to Paula Burnett

The government seeks to exclude evidence of Paula Burnett's character for truthfulness
unless Paula Burnett testifies and evidence of her character for truthfulness is admissible under Fed.
R. Evid. 608. Defendant states that he agrees generally with the government's request, but he will
not know until trial if the government will attack Paula Burnett's truthfulness. Defendant further
states that he is aware of Rule 608 and defense counsel will approach the bench before attempting
to introduce this type of character evidence at trial. The Court finds that the government's motion

to exclude evidence of Paula Burnett's character should be preliminarily denied because this evidence could be relevant and admissible at trial.

Evidence of Retained Attorney

The parties agree that defendant will not present any evidence that his counsel is retained, rather than court-appointed, and the government's request to exclude of evidence of retained counsel is moot.

Pre-Trial Rulings

The parties agree not to discuss the contents of any pre-trial motions or the Court's rulings on any motions in the presence of the jury, and the government's request to exclude this evidence is moot.

Prior Convictions or Arrests

The government asks the Court to exclude evidence of any witness' prior arrest that did not result in conviction, any misdemeanor conviction of a witness, or evidence of a crime involving dishonesty or false statement occurring less than 10 years prior to trial. Defendant responds that the government fails to identify any specific witness to which this would apply and the government's request is too vague to permit a pre-trial ruling on this issue. The Court agrees with defendant that the government's motion does not sufficiently identify the evidence to be exclude at trial, and the government's motion is denied without prejudice to asserting a specific objection at trial.

Polygraph Refusal

The government argues that defendant may attempt to impeach a witness with evidence that the witness refused to take a polygraph examination, and it cites United States v. Begay, 631 F.3d 1168 (10th Cir. 2011), in support of its request to exclude this evidence. In Begay, the Tenth Circuit

found that the United States Probation Office could require a person on supervised release to submit to a polygraph examination.  Id. at 1174-75.  Begay provides no guidance on the issue of whether a witness' refusal to take a polygraph examination may be used to impeach the witness at trial.  It is clearly established that the results of a polygraph examination may not be used to bolster the credibility of a defendant or a defendant's witness.  United States v. Swayze, 378 F.3d 834 (8th Cir. 2004); United States v. Call, 129 F.3d 1402, 1404 (10th Cir. 1997).  Courts have also found that a witness' refusal to take a polygraph examination is inadmissible at trial.  United States v. Walters, 350 Fed. Appx. 826 (4th Cir. Oct. 29, 2009); Conley v. United States, 323 F.3d 7, 31 n.17 (1st Cir. 2003).  Defendant argues that he would not be attempting to use the results of a polygraph examination to attack a witness' credibility but, instead, the fact of the witness' refusal to submit to a polygraph examination independently calls the witness' credibility into question.  However, if the results of a witness' polygraph examination are inadmissible, it is unlikely that there could be many circumstances in which a witness' refusal to take a polygraph examination could be used to impeach a witness.  See United States v. Williams, 95 F.3d 723, 730 (8th Cir. 1996).  The Court finds that the government's request to exclude evidence of a witness' refusal to take a polygraph examination should be granted.[3]

---

[3]     The Court notes defendant's argument that there could be evidence that a federal agent questioned a witness' veracity and requested that the witness submit to a polygraph examination.  The parties did not sufficiently brief the issue of whether such evidence could be used to show that an agent doubted a witness' credibility, and the Court declines to rule on whether this limited use of a witness' refusal to submit to a polygraph examination could be appropriate.

Administrative Discipline

The government states that defense counsel may attempt to impeach witnesses with evidence of administrative discipline, and that such impeachment should not be permitted unless the Court has reviewed the evidence and has determined that this would constitute proper impeachment under Rule 608.  Defendant responds that the government has failed to specify any witness with prior administrative discipline, and the request for pretrial exclusion of evidence should be denied.  The Court agrees with defendant that the government has failed to specifically identify the evidence to be excluded at trial, and the government's request to exclude evidence of administrative discipline is denied without prejudice to the assertion of a specific objection at trial.

Fast and Furious Investigation

The government argues that the "Fast and Furious" firearms investigation was separate from the Villalobos investigation,[4] and that defendant should be prohibited from mentioning the Fast and Furious investigation at trial.  The government states that it may be necessary to inquire into prospective jurors opinions about the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and the firearms laws of the United States, but it would be unfairly prejudicial to allow the defendant to mention the Fast and Furious investigation during trial.  The government concedes that two of the Villalobos conspirators were stopped by a border patrol agent before the Villalobos investigation began, and the border agent discovered firearms that could have been connected to the Fast and Furious investigation.  Dkt. # 52, at 5.  Defendant argues that Vega and Gutierrez also mentioned Fast and Furious during intercepted phone conversations, and this could be relevant at trial.  As the

_____

[4]     The underlying firearms smuggling case, United States v. Ignacio Villalobos et al., 11-CR-487-RB (D.N.M.), is more fully described in a prior opinion and order.  Dkt. # 20, at 2-3.

Court has previously advised the parties, "the criminal charges against defendant do not concern the substance of any alleged firearm smuggling conspiracy, and this case is limited to the discreet issue of whether defendant knew of and illegally provided persons notice of electronic surveillance." Dkt. # 20, at 28.  The Villalobos investigation is important background information, but the parties will not be retrying the merits of the Villalobos case or any other firearms investigation conducted by the ATF.  Unless there is a direct connection between Fast and Furious and the criminal charges against defendant, neither party shall mention the Fast and Furious investigation at trial.  If defense counsel believes this issue is likely to arise during the cross-examination of a witness, defense counsel should approach the bench and make a specific showing as to how Fast and Furious is relevant to the specific criminal charges against defendant.

## III.

## A.

Defendant argues that the government will likely elicit witness testimony on three "talking points" in an attempt to support an inference that Paula Burnett knew of the wiretap application and delayed notice search warrant before defendant met with Vega on February 17, 2011, and this will unconstitutionally shift the burden of proof to defendant.  Specifically, defendant asks the Court to prevent the government from:

1.   offering evidence or arguing that Ms. Burnett gained the information which Vega is accusing her of having because the Las Cruces Office talked to the Albuquerque office on "multiple days, in multiple ways, and through multiple people";

2.   offering evidence or arguing that Ms. Burnett gained the information which Vega is accusing her of having because the Delayed Notice Search Warrant and the second wiretap application were "big enough news in a small enough office";

3.      offering evidence or arguing that Ms. Burnett gained the information which
        Vega is accusing her of having because a specific Agent and a specific
        AUSA from the Las Cruces office may have talked about the wiretap
        application and/or the delayed notice search warrant while they were
        physically present in the Albuquerque office . . . .

Dkt. # 53, at 15.  The government responds that it is permitted to prove its case by using

circumstantial evidence that Paula Burnett could have learned of the Villalobos investigation by

means other than an e-mail attachment, and it acknowledges that it will retain the burden to prove

the affirmative fact that Paula Burnett learned of the wiretap of Vega and passed the information to

defendant.  Dkt. # 56, at 2-3.

        The Court has reviewed defendant's motion and he does not identify which witnesses he

believes will make these statements or the context in which the statements would be offered into

evidence.  Defendant cites United States v. Michel, 446 F.3d 1122 (10th Cir. 2006), for the

proposition that the government may not use "inferences to support other inferences," and he argues

that the proposed testimony will ask the jury to speculate that Paula Burnett knew of the wiretap

application or delayed notice search warrant based only on these inferences.  Dkt. # 53, at 17.

Defendant also argues that the government is improperly shifting the burden of proof to him by

requiring to "prove the negative" that Paula Burnett could not have known about the wiretap

application or delayed notice search warrant.

        Defendant's request to exclude testimony concerning the three "talking points" should be

denied.  Defendant's motion does not sufficiently identify what evidence he seeks to exclude, and

it would be premature to exclude evidence before trial without a clear understanding of who will be

testifying to certain facts and the factual basis for the proposed testimony.  The Court also notes that

defendant's reliance on Michel is misplaced.  In Michel, the Tenth Circuit was not considering

11

whether evidence should have been excluded at trial but, instead, it was determining whether the government had offered sufficient evidence at trial to sustain a conviction.  Id. at 1131-32.  Michel does not require a court to exclude evidence at trial merely because it is circumstantial or that the specific evidence does not directly prove a fact at issue.  The government will be permitted to elicit testimony that Paula Burnett could have learned about the wiretap application and delayed notice search warrant through sources other than an e-mail attachment.   The government states that the evidence will be presented by witnesses available for cross-examination.  Defendant will be able to confront the witnesses against him and directly question the witnesses as to whether Paula Burnett knew of the wiretap application or delayed notice search warrant.  There is nothing to suggest that the government will impermissibly attempt to shift the burden of proof to defendant.  Defendant may raise any specific objections at trial as to a witness' basis for testifying to any of the "talking points," but it would be premature to exclude potentially relevant circumstantial evidence.

**B.**

Defendant argues that the government should be prohibited from offering the testimony of Allen, the government's computer expert, who will testify that the evidence is inconclusive as to whether Paula Burnett opened an e-mail attachment with the Title III affidavits for wiretap.  He claims that this testimony will not assist the trier of fact and it should be excluded under Fed. R. Evid. 702(a).  The government responds that Allen's testimony is admissible to rebut the testimony of defendant's computer expert, and Allen will provide relevant information concerning the investigation into the charges against defendant.  Dkt. # 56, at 4.

Under Rule 702(a), expert testimony may be admissible if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine

12

a fact in issue . . . ."  "The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009).  Before expert testimony is admitted at trial, "a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." United States v. Rodriguez-Felix, 450 F.3d 1117, 1122 (10th Cir. 2006).  "When the normal experiences and qualifications of laymen jurors are sufficient for them to draw a proper conclusion from given facts and circumstances, an expert witness is not necessary and is improper."  Wilson v. Muckala, 303 F.3d 1207, 1219 (10th Cir. 2002) (quoting Frase v. Henry, 444 F.2d 1228, 1231 (10th Cir. 1971)).

Defendant claims that the government will impermissibly attempt to shift the burden of proof to defendant through Allen's inconclusive expert testimony.  Defendant states that he intends to offer his own computer expert, David McGroty, who will testify that:

1)      There is no evidence that the attachments in question were ever opened on the computer.

2)      There is no evidence that any tool or technique was used to erase data on the computer, complicate examination or otherwise modify the computer to impede forensic examination.

3)      The evidence is consistent with the email attachments in question never having been opened on the computer.

Dkt. # 53, at 19.  Defendant further states that McGroty intends to testify that Allen's proposed testimony is not supported by the forensic evidence.  Id. at 20.  Based on McGroty's proposed testimony, it is clear that Allen's testimony is relevant to rebut the claims of defendant's expert testimony.  If McGroty testifies unequivocally that Paula Burnett did not open attachments to an e-mail, the government may offer Allen's testimony in rebuttal in an attempt to show that the forensic

13

examination of Paula Burnett's computers and/or hard drives were inconclusive.  In other words, McGroty's expert testimony would open the door for rebuttal testimony by Allen, and the government has shown that it has least one permissible basis to use Allen's expert testimony at trial. Defendant has not shown that Allen's testimony should unequivocally be excluded under Rule 702, and his motion in limine should be denied in its entirety.

      **IT IS THEREFORE ORDERED** that the Government's Motion in Limine (Dkt. # 52) is **granted in part**, **denied in part**, and **moot in part** as stated above; Defendant's Motion in Limine to Prohibit the Government from Shifting the Burden of Proof (Dkt. # 53) is **denied**.

      **DATED** this 10th day of September, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

14