UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 12-CR-2332-CVE |
| ) | |
| DANNY BURNETT, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Compel Immediate Production of Information for Use at Sentencing pursuant to the Brady Doctrine (Dkt. # 102). Defendant asks the Court to compel immediate disclosure of the judgment, amended judgment, and sentencing memoranda or letters filed in Angelo Vega's criminal case, and defendant also requests a transcript of Vega's sentencing hearing. Vega was a key prosecution witness at defendant's trial.

On September 20, 2012, a grand jury returned an indictment charging defendant with two counts of illegally giving notice of electronic surveillance to another person in violation of 18 U.S.C. § 2232(d) (counts one and two), disclosure of wire communications in violation of 18 U.S.C. § 2511(1)(c) (count three), and making a false statement to a member of the executive branch of the United States Government in violation of 18 U.S.C. § 1001(a)(2) (count four). Dkt. # 2. Defendant exercised his right to a jury trial, and he was convicted of counts one and four.[1] Defendant's sentencing hearing is set for January 14, 2014, and a pre-sentence investigation report (PSR) has been prepared. In a separate criminal case, Vega was charged with numerous offenses related to the

---

[1] The jury found defendant not guilty of count two, and count three was dismissed at trial.

smuggling of firearms across the Mexican border.  See United States v. Angelo Vega, 11-CR-487-RB-4  He subsequently pled guilty pursuant to an information, and he agreed to testify in this case pursuant to a plea agreement.  The Court ordered the government to produce Vega's plea agreement and related documents to defendant before trial.  Dkt. # 20, at 18-19.  Vega was the key prosecution witness at defendant's trial.   However, the PSR in this case does not contain any information about Vega's convictions or sentence, and defendant does not have access to the sealed filing in Vega's criminal case, including the judgment and amended judgment.

In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Brady, 373 U.S. at 87.  In Giglio v. United States, 405 U.S. 150 (1972), the Supreme Court held that Brady applies not only to "exculpatory" evidence but also to evidence that could be used to impeach a government witness.  Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987).  When determining whether evidence is material, a court must consider in light of the entire record if "the omitted evidence creates a reasonable doubt that did not otherwise exist."  United States v. Ahrensfield, 698 F.3d 1310, 1319 (10th Cir. 2012).

Defendant argues that the government is required to produce Vega's judgment and related documents, as well as a transcript of Vega's sentencing hearing, under the Brady doctrine, because this information could be relevant to the sentencing factors stated in 18 U.S.C. § 3553(a). He claims

that "defense counsel would be able to contrast the arguments made by the Government and Vega for a lesser sentence for Vega --- to Mr. Burnett who has led an exemplary life up to the point of his conviction . . . ." Dkt. # 102, at 7.  Under § 3553(a), the sentencing court must consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant" and "(2) the need for the sentence imposed . . . ."  When ruling on defendant's motion, the Court will assume without deciding that Brady applies to the sentencing phase of a federal criminal case and, specifically, that it applies to requests for information relevant only to the § 3553(a) factors. However, the Court finds that the discovery requested by defendant is not material to the Court's determination of his punishment.  Defendant was convicted of illegally giving notice of electronic surveillance to another person (count one) and making a false statement to an agent of the federal executive branch (count four), but he was not charged as part of the underlying firearms smuggling conspiracy.  The arguments made by members of the conspiracy for a reduced sentence have no bearing on the sentence defendant will receive for obstructing a federal investigation of the conspiracy.  Defendant has not shown that the documents are material under Brady and the government will not be required to produce Vega's criminal judgment or related documents to defendant.   Although the Court will not require the government to produce the documents requested by defendant, the Court finds that defendant should be advised of the length of Vega's sentence, because this fact could be relevant to application of the § 3553(a) factors in this case.

**IT IS THEREFORE ORDERED** that defendant's Motion to Compel Immediate Production of Information for Use at Sentencing pursuant to the Brady Doctrine (Dkt. # 102) is **granted in part** and **denied in part**: the government is required to disclose the length of Vega's sentence to defendant, but defendant's motion is denied in all other respects.  Defendant shall comply with the

terms of the protective order (Dkt. # 65) previously entered by the Court when maintaining and using the information provided by the government.

**DATED** this 31st day of December, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE